DAVIS, Judge.
Gable T. Williams appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
In 1996 Williams pleaded no contest to sale of cocaine and possession of cocaine. The trial court sentenced him to ten years in prison with the last four years suspended and served on probation. Williams admitted to violating his probation in 2002 and was sentenced to two years in prison with 276 days of jail credit.
In his motion, Williams claimed that he entered into a plea agreement whereby he would admit to the violation of probation with the understanding that he would serve two years in prison. He further alleged that upon his return to prison the Department of Corrections (DOC) forfeited his previously earned gain time. Williams maintained that he therefore will end up serving more than two years in prison, and he asked to be resentenced so as to effectuate his plea agreement.
The trial court failed to address this specific claim and concluded that the DOC properly forfeited Williams’ gain time. The record attached to the trial court’s order does not refute Williams’ claim but *498 actually indicates that Williams admitted to the violation of probation in exchange for a sentence of two years in prison. Therefore, we reverse and remand for the trial court to consider Williams’ claim. Unless portions of the record refute his claim, the trial court shall either resen-tence Williams in a manner that effectuates the intent of the plea agreement after considering the DOC’s forfeiture of gain time or allow him to withdraw his plea. See Williamson v. State, 841 So.2d 694 (Fla. 2d DCA 2003).
Reversed and remanded.
FULMER and CANADY, JJ„ concur.